Brazil v. Dovey																								Doc. 2

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN ELLINGTON BRAZIL,<br><br>                          Petitioner,<br><br>      v.<br><br>JOHN DOVEY, et al.,<br><br>                         Respondents. | Civil No.   07-0082 L (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has paid the $5.00 filing fee and filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. <u>See</u> <u>id.</u>

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a

1  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall
2  be the state officer who has official custody of the petitioner (for example, the warden of the
3  prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

4  A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]
5  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The
6  actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v.
7  Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of
8  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the
9  body" if directed to do so by the Court. "Both the warden of a California prison and the Director
10 of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d
11 at 895.

12 Here, Petitioner has incorrectly named "John Dovey," as Respondent. In order for this
13 Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of
14 the state correctional facility in which Petitioner is presently confined or the Director of the
15 California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.
16 1992) (per curiam).

## CONCLUSION

18 Accordingly, the Court **DISMISSES** the Petition without prejudice and with leave to
19 amend due to Petitioner's failure to name a proper respondent. To have this case reopened,
20 Petitioner must file a First Amended Petition **no later than March 26, 2007** in conformance
21 with this Order. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A**
22 **BLANK FIRST AMENDED PETITION FORM.**
23 **IT IS SO ORDERED.**

25 DATED: January 22, 2007

_____
M. James Lorenz
United States District Court Judge