1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  SEAN E. BRAZIL,                    )   Civil No. 07cv0082 L(RBB)
                                       )
12              Petitioner,            )   **REPORT AND RECOMMENDATION RE:**
                                       )   **GRANTING MOTION TO DISMISS**
13  v.                                 )   **PETITION FOR WRIT OF HABEAS**
                                       )   **CORPUS [DOC. NO. 9]**
14  BEN CURRY, Warden, et al.,         )
                                       )
15                                     )
                Respondents.           )
16  _____)

17       Sean E. Brazil, a state prisoner proceeding <u>pro se</u>, filed

18  a Petition for Writ of Habeas Corpus in this Court on January 11,

19  2007 [doc. no. 1].  On January 22, 2007, the Court dismissed the

20  Petition without prejudice due to Petitioner's failure to name a

21  proper respondent.  (Order Dismissing Case [doc. no. 2].)  Brazil

22  was instructed to file a First Amended Petition by March 26, 2007.

23  (<u>Id.</u>)  He filed the pending First Amended Petition [doc. no. 4] on

24  February 5, 2007.

25       Petitioner alleges nine grounds for relief:  (1) He was denied

26  effective assistance of counsel because his attorney failed to

27  timely obtain affidavits from jurors regarding their misconduct;

28  (2) Petitioner was denied effective assistance of counsel because

                                  1

his appellate counsel failed to have an investigator interview the jurors, as promised; (3) he was denied due process of law when he was convicted on insufficient evidence; (4) Petitioner was denied due process because the prosecutor improperly "vouched" for her witness; (5) he was denied due process of law because the prosecution utilized an "illegal" jury instruction; (6) Petitioner was denied due process because the prosecution shifted the burden of proof to Brazil; (7) he was denied due process of law because the jury based their verdicts on false and extraneous information; (8) Petitioner was denied due process because the prosecutor withheld exculpatory evidence; and (9) he was denied due process of the law because the trial court imposed an unduly harsh sentence. (Am. Pet. 6-14.)

On May 17, 2007, Respondent Ben Curry filed a Motion to Dismiss [doc. no. 6] and a Memorandum of Points and Authorities in Support of Motion.  Respondent argues that Brazil's First Amended Petition is time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA's) statute of limitations.  (Resp't's Mem. P. & A. 7.)  Brazil submitted his Opposition to and Motion to Deny Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [doc. no. 8] and a Memorandum of Points and Authorities in Support of his Opposition, which was filed nunc pro tunc to June 11, 2007.

This Court has reviewed the First Amended Petition and supporting brief, Respondent's Motion and Memorandum in Support of the Motion, Petitioner's Opposition to Respondent's Motion and Memorandum in Support of the Opposition, and the lodgments.  For the reasons expressed below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**.

# I.   FACTUAL BACKGROUND

On April 17, 1998, Brazil and a friend met two girls, ages fourteen and fifteen, at a shopping mall.[1]  (Resp't's Mem. P. & A. 4.)  Petitioner bought alcohol and the four of them drove around drinking.  (Id.)  The fifteen-year-old girl "felt drunk" and was unable to walk straight.  (Id.)  They went to a hotel where Petitioner had sexual intercourse with the fifteen-year-old until she made him stop.  She left the room crying; her friend left with her.  (Id.)  The two girls found their youth pastor across the street and told him what happened.  (Id.)  He called the police, who came to investigate.  (Id.)  The officers discovered a condom wrapper in one of the two beds in the hotel room.  (Id.)

Three months later, during the afternoon of July 17, 1998, Brazil called the mother of his children, Rebecca, who was staying at his mother's house with the children.  (Lodgment 1, People v. Brazil, Case No. D033218, slip op. 2.)  Brazil demanded the telephone number of a man she was seeing.  (Id.)  Rebecca refused. (Id.)  Petitioner called again at midnight demanding the same number and asserting that he would bring a gun to the house and force the number out of her.  (Id.)  At approximately 1:50 a.m., Rebecca awoke to Brazil pointing a gun at her, again demanding the telephone number.  (Id.)  When she refused to give him the number

---

[1] The California Court of Appeal did not discuss the facts relating to Brazil's conviction for unlawful sexual intercourse or lewd conduct with a fourteen- or fifteen-year-old because he did not challenge those convictions.  (Lodgment No. 1, People v. Brazil, Case No. D033218, slip op. 2 n.2 (Cal. Ct. App. Dec. 16, 1999).)  Here, Respondent argues that Brazil's Petition is barred by the statute of limitations.  (Resp't's Mem. P. & A. 7.)  For that reason, this Court refers to Respondent's brief for the factual history for these two convictions as general background for the habeas Petition.

1  he stated, "'[G]ive me the phone number or I'll blow you and your

2  kids away.'"  (Id.)  Brazil's mother told him to leave; he

3  struggled with his mother over the gun; and he left after Rebecca

4  gave him a telephone number.  (Id. at 2-3.)

## II.  PROCEDURAL BACKGROUND

6       On August 14, 1998, the San Diego County District Attorney

7  filed a five-count information charging Petitioner with assault

8  with a firearm, see Cal. Penal Code § 244(a)(2), residential

9  burglary, see Cal. Penal Code § 459, making a terrorist threat, see

10 Cal. Penal Code § 422, unlawful sexual intercourse with a minor

11 under the age of sixteen, see Cal. Penal Code § 261.5(d), and

12 committing a lewd act on a child fourteen or fifteen years of age,

13 see Cal. Penal Code § 288(c)(1).  (Resp't's Mem. P. & A. 1-2.)  The

14 information also alleged that Brazil had previously been convicted

15 of a serious felony, see Cal. Penal Code § 661(a)(1), and that he

16 had been previously convicted of a "strike" offense, see Cal. Penal

17 Code §§ 667(b)-(i).  Finally, the information alleged that Brazil

18 personally used a firearm in the commission of counts one through

19 three, see Cal. Penal Code §§ 1192(c)(8), 12022(a)(1).  (Resp't's

20 Mem. P. & A. 1-2.)

21      On January 25, 1999, a jury convicted Petitioner of all counts

22 charged, finding that both the firearm allegation and the prior

23 "strike" allegation were true.  (Id. at 2.)  On March 24, 1999,

24 Brazil was sentenced to sixteen years in state prison.  (Id.)

25 Petitioner received four years for the residential burglary, which

26 was doubled based on the prior "strike" conviction.  Additionally,

27 he received two years for the sex offense, a five-year enhancement

28 for the serious felony prior, and one additional year for the

4

1   personal use of a firearm.  (Lodgment 1, <u>People v. Brazil</u>, Case No.
2   SCD138587, slip op. 3.)

3       Petitioner appealed the conviction, asserting that the trial
4   court erred in admitting evidence regarding the amount of financial
5   support Petitioner provided for his children.  (<u>Id.</u> at 3.)  His
6   conviction was affirmed by the court of appeal on December 16,
7   1999.  (<u>Id.</u> at 4.)  Brazil filed a petition for rehearing of the
8   decision which was denied on January 7, 2000.  (Pet'r's Opp'n Mem.
9   P. & A. Ex. A.)  He did not file a petition for review with the
10  California Supreme Court.  (Resp't's Mem. P. & A. 6.)

11      Brazil, acting <u>pro</u> <u>se</u>, filed his first habeas corpus petition
12  on December 21, 2000, with the San Diego Superior Court.
13  (Lodgment 2 Attach., <u>In re Brazil</u>, No. HC16533, Pet. 3-14 (Cal.
14  Super. Ct. Jan. 18, 2001).)  His petition was denied on January 18,
15  2001.  (Lodgment 2, <u>In re Brazil</u>, No. HC16533, Order 4 (Cal. Super.
16  Ct. Jan 18, 2001).)  On September 20, 2001, he filed a habeas
17  corpus petition with the California Court of Appeal.  (Lodgment 3
18  Attach., <u>In re Brazil</u>, No. D038775, Pet. 3-10 (Cal. Ct. App. Nov.
19  28, 2001).)  The court denied the petition on November 28, 2001.
20  (Lodgment 3, <u>In re Brazil</u>, No. D038775, slip op. 2 (Cal. Ct. App.
21  Nov. 28, 2001).)  Almost a year later, on November 18, 2002, Brazil
22  filed a second habeas corpus petition in the superior court
23  alleging miscalculation of his post-sentence credits, an issue not
24  raised in his previous petitions.  (Lodgment 4, <u>In re Brazil</u>, No.
25  HC16533 Order Denying Second Pet. 1-3 (Cal. Super. Ct. Dec. 5,
26  2002).)  The petition was denied December 5, 2002.  (<u>Id.</u>)  Brazil
27  then filed a habeas corpus petition with the California Supreme
28  Court on June 30, 2005.  (Lodgment 5 Attach., <u>In re Brazil</u>, No.

5

S134859, Pet. 1 (Cal. May 24, 2006).)  The petition was summarily

denied on May 24, 2006.  (Lodgment 5, In re Brazil, No. S134859,

Order 1 (Cal. May 24, 2006).)

On January 11, 2007, Brazil filed his first federal Petition

for Writ of Habeas Corpus in this Court [doc. no. 1].  The Court

dismissed the Petition without prejudice for Petitioner's failure

to name a proper respondent.  (Order Dismissing Case 1.)

Petitioner timely filed the pending First Amended Petition [doc.

no. 4] on February 5, 2007.  In his Amended Petition, Petitioner

properly names a respondent and alleges nine grounds for relief.

(Pet. 1, 6-14.)

Respondent filed a Motion to Dismiss on May 17, 2007, claiming

that the Petition is time-barred under AEDPA's statute of

limitations.  (Resp't's Mem. P. & A. 7.)

### III.   STANDARD OF REVIEW

Because Brazil filed his Petition after April 24, 1996, it is

subject to the Antiterrorism and Effective Death Penalty Act

(AEDPA) of 1996.  28 U.S.C.A. § 2244 (West 2006).  AEDPA sets forth

the scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit
> judge, or a district court shall entertain an application
> for a writ of habeas corpus in behalf of a person in
> custody pursuant to the judgment of a State court only on
> the ground that he is in custody in violation of the
> Constitution or laws or treaties of the United States.

28 U.S.C.A. § 2254(a) (West 2006); see also Hernandez v. Ylst, 930

F.2d 714, 719 (9th Cir. 1991).

To present a cognizable federal habeas corpus claim, a state

prisoner must allege that his conviction was obtained "in violation

of the Constitution or laws or treaties of the United States."  28

07-00082 L (RBB)

U.S.C. § 2254(a).  A petitioner must allege that the state court violated his federal constitutional rights.  Hernandez, 930 F.2d at 719; Jackson v. Ylst, 921 F.2d 882, 885 (9th Cir. 1990); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988).

In 1996, Congress "worked substantial changes to the law of habeas corpus."  Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).  Amended § 2254(d) now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

## IV. DISCUSSION

The statute of limitations for habeas corpus petitions is set forth in AEDPA.  As amended by AEDPA, 28 U.S.C. § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date one which the constitutional right asserted was initially recognized by the

7

1         Supreme Court, if the right has been newly
        recognized by the Supreme Court and made
2         retroactively applicable to cases on collateral
        review; or

3

4           (D)  the date on which the factual predicate of
        the claim or claims presented could have been
        discovered through the exercise of due diligence.

5

6 28 U.S.C.A. § 2244(d)(1) (West Supp. 2007).  Petitioner has not

7 asserted that subsections (B)-(D) of § 2244(d)(1) apply to his

8 case, so § 2244(d)(1)(A) provides the applicable date on which the

9 limitations period began to run.

10     The California Court of Appeal affirmed Brazil's conviction on

11 December 16, 1999.  (Lodgment 1, <u>People v. Brazil</u>, No. SCD138581,

12 slip op. 3.)  The appellate court denied Petitioner's petition for

13 rehearing on January 7, 2000.  (Pet'r's Opp'n Mem. P. & A. Ex. A.)

14 Brazil did not file a petition for review with the California

15 Supreme Court.  For purposes of AEDPA, the time for direct review

16 includes the period during which the petitioner <u>could</u> <u>have</u> sought

17 direct review from the California Supreme Court.  <u>See</u> 28 U.S.C. §

18 2244(d)(1)(A); <u>Smith v. Duncan</u>, 297 F.3d 809, 813 (9th Cir. 2002).

19     Petitioner's judgment therefore became final forty days after

20 the California Court of Appeal denied his petition for rehearing.

21 <u>See</u> <u>People v. Jackson</u>, 67 Cal. 2d 96, 98, 429 P.2d 600, 602, 60

22 Cal. Rptr. 248, 250 (1967) (stating the petitioner's "availability

23 of appeal" was exhausted when his petition for rehearing was

24 denied); <u>Duncan</u>, 297 F.3d at 813; <u>see also</u> Cal. R. Ct. 8.264

25 (formerly Rule 24); Cal. R. Ct. 8.500(e) (formerly Rule 28).)  The

26 statute of limitations for Petitioner's federal habeas corpus claim

27 began to run on February 17, 2000, and, absent statutory or

28 equitable tolling, would have expired on February 16, 2001.  <u>See</u>

<u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (quoting Fed. R. Civ. Pro. 6(a)) ("In computing any amount of time prescribed or allowed . . . by any applicable statute, the day of the act, event, or default from which the designated period of time runs shall not be included.").

Petitioner filed his federal Petition on January 11, 2007, nearly seven years after his conviction became final.  Brazil's Amended Petition, filed on February 5, 2007, relates back to the filing of his original Petition, because the amended pleading asserts the same grounds for relief.  <u>See</u> Fed. R. Civ. P. 15(c); 28 U.S.C.A. § 2242 (West 2006).  Nevertheless, unless Petitioner is entitled to sufficient statutory or equitable tolling, this action is barred by AEDPA's statute of limitations.

**1.   <u>Statutory Tolling</u>**

Under AEDPA, the statute of limitations is tolled during periods when a petitioner has a properly filed application for collateral review pending in state court.  Specifically, 28 U.S.C. § 2244(d)(2) states:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (West Supp. 2007).

Additionally, the interval between the disposition of one state petition and the filing of another may be tolled under "interval tolling."  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002).  For purposes of interval tolling, an application for state collateral review is pending "as long as the ordinary state collateral review process is 'in continuance'. . . .  In other

words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"   <u>Carey</u>, 536 U.S. at 219-20.

Respondent concedes that interval tolling applies to several of the time delays in this case because Petitioner was properly pursuing his state remedies.  (Resp't's Mem. P. & A. 6-7); <u>see also</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).  Respondent asserts, however, that interval tolling should not apply to delays between lower court decisions and the filing of new petitions in a higher court that were "unreasonable" under California law. (Resp't's Mem. P. & A. 6-7); <u>see also</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 198 (2006) (stating that "the federal court must decide whether the filing of the request for appellate review in state collateral review proceedings was made within what California would consider a 'reasonable time[]'").

The statute of limitations on Petitioner's federal habeas corpus claim began running on February 17, 2000.  Brazil filed his first petition in the San Diego Superior Court on December 21, 2000, after 309 days of the statute of limitations had run.  This 309 day period is not tolled.  <u>See</u> <u>Nino</u>, 183 F.3d at 1006 (stating that AEDPA's limitations period is not tolled before the first state collateral challenge is filed).  Statutory tolling began on December 21, 2000, because Brazil's state habeas corpus petition was a "properly filed application for . . . state collateral review."  28 U.S.C. § 2244(d)(2).  It is uncontested that under "interval tolling" the statute of limitations was tolled through November 28, 2001, when the California Court of Appeal denied

1  Brazil's habeas petition.  (Resp't's Mem. P. & A. 6); see also
2  Carey, 536 U.S. at 219-21.

3      Petitioner subsequently wrote a letter to his sentencing judge
4  and explained that he believed his sentencing credits were
5  miscalculated.  (Lodgment 4 Attach., In re Brazil, No. HC16533,
6  Pet. 2.)  The court construed this letter to be a second habeas
7  corpus petition, and it was filed on November 18, 2002.  (Lodgment
8  4, In re Brazil, No. HC16533 Order Denying Second Pet. 2.)  The
9  letter contested the calculation of Brazil's post-sentence credits.
10  (Id.)  This allegation was not contained in any prior or subsequent
11  petitions.  Respondent asserts that the 355 days between the filing
12  of the court of appeal decision on November 28, 2001, and the
13  filing of Brazil's second superior court petition on November 18,
14  2002, constitutes an unreasonable delay and, therefore, this time
15  is not subject to statutory tolling.  (Resp't's Mem. P. & A. 6-7
16  (citing Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006)).)
17  The warden also argues that the delay of two years, six months and
18  fifteen days between the denial of the second petition on December
19  5, 2002, and the filing of a petition with the California Supreme
20  Court on June 20, 2005, is another unreasonable delay that does not
21  toll the statute of limitations.  (Id. at 7.)

22      Brazil's second superior court petition alleged a claim
23  unrelated to the claims asserted in his other state petitions or
24  his federal habeas petition.  (See Lodgment 4, In re Brazil, No.
25  HC16533, Order Denying Second Pet. 2.)  Therefore, the statute of
26  limitations is not tolled for the time period this second petition
27  was pending.  See Gaston, 447 F.3d at 1166 (disregarding Gaston's
28  third habeas corpus petition for purposes of statutory tolling

because it asserted claims unrelated to those pending in his federal petition); Welch v. Carey, 350 F.3d 1079, 1082-83 (9th Cir. 2003) (stating that a state habeas petition asserting different claims from a previous petition begins a new "round" of collateral review for tolling purposes).

The delay between the California Court of Appeal's denial on November 28, 2001, and the filing of Brazil's habeas corpus petition with the Supreme Court of California on June 30, 2005, was four years, five months and two days. (See Lodgment 3, In re Brazil, No. D038775, slip op. 1; Lodgment 5 Attach., In re Brazil, No. S134859, Pet. 1.) In order for a petition to be "properly filed" for purposes of tolling the statute of limitations, the petition must have been timely filed. Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). A petition is timely filed under California law if it is filed within a "reasonable time." See Evans, 546 U.S. at 192 (quoting In re Harris, 5 Cal. 4th 813, 828 n.7, 855 P.2d 391, 398 n.7, 21 Cal. Rptr. 2d 373, 380 n.7 (1993)). When the California Supreme Court denied Petitioner's writ of habeas corpus, it did not indicate whether the petition had been timely filed. (Lodgment 5, In re Brazil, No. S134859, Order 1.) Accordingly, this Court must determine whether that state supreme court would have found Brazil's petition timely filed.

The Supreme Court of the State of California would not conclude that a delay of nearly four and a half years was reasonable and would not find Brazil's petition timely. See Carey, 536 U.S. at 219 (stating that the reasonableness determination should be considered in light of the fact that most states allow approximately thirty to sixty days "for filing an appeal to the

state supreme court"); <u>Evans</u>, 546 U.S. at 201 (holding that an unexplained delay of six months was unreasonable); <u>Gaston</u>, 447 F.3d at 1167 (holding unexplained delays of fifteen, eighteen, and ten months unreasonable); <u>Culver v. Dir. of Corr.</u>, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (finding delays of ninety-seven and seventy-one days unreasonable); <u>see also</u> <u>Forrister v. Woodford</u>, No. 1:05-CV-00170, 2007 WL 809991, at *3 (E.D. Cal. Mar. 15, 2007) (finding delay of eighty-eight days unreasonable); <u>Jackson v. Ollison</u>, No. 06CV1123, 2007 WL 433188 at *5 (S.D. Cal. Jan. 23, 2007) (holding an eight month delay unreasonable).

Assuming that Brazil's state petition was "pending" and therefore tolled for over four years from November 28, 2001, through May 24, 2006, his federal Petition was still filed after the one-year statute of limitations had lalpsed.  By the time Petitioner filed his first state habeas corpus petition, 309 days of AEDPA's one-year period had already run.  (<u>See</u> Pet'r's Mem. P. & A. Ex. A.; Lodgment 2, <u>In re Brazil</u>, No. HC16533, Order 2.) Additionally, 232 days passed after Brazil's California Supreme Court habeas corpus petition was denied on May 24, 2006, and before he filed his first federal habeas corpus Petition in this Court on January 11, 2007.  (Pet. 1.)  These two delays total 541 days, which is 175 days beyond the one-year limitation established by AEDPA.  28 U.S.C. § 2244(d).  Hence, unless Brazil is entitled to equitable tolling for 175 days, his federal habeas corpus petition must be denied as untimely.

### 2. __Equitable Tolling__

Equitable tolling of the statute of limitations is appropriate when "'extraordinary circumstances beyond a prisoner's control make

it impossible'" for the petitioner to file a timely petition.
Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting
Brambles v. Duncan, 330 F.3d 1197, 1202 (9th Cir. 2003)); Stillman
v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003); Miles v. Prunty,
187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).  "[A]
litigant seeking equitable tolling bears the burden of establishing
two elements:  (1) that he has been pursuing his rights diligently,
and (2) that some extraordinary circumstances stood in his way."
Pace, 544 U.S. at 418 (citations omitted).  "[T]he threshold
necessary to trigger equitable tolling (under AEDPA) is very high,
lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d
1063, 1066 (9th Cir. 2002).  Further, Petitioner carries the burden
of proving that the statute of limitations should be equitably
tolled.  Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th
Cir. 2005).

Brazil asserts two reasons to justify his untimeliness and
argues they warrant equitable tolling.  First, the San Diego
Superior Court failed to provide him with requested transcripts
and, second, he relied on the California Supreme Court Clerk's
December 31, 2001, letter stating, "There is no time limit . . . in
which you may file an original Petition for Writ of Habeas Corpus
with the Supreme Court."  (Pet'r's Opp'n Mem. P. & A. 5, Ex. C.)

### a. Inability to Obtain Court Transcripts

Without any specificity, Petitioner asserts that he was
"begging" the superior court to provide him with transcripts of a
pretrial hearing "for years."  (Id. at 5.)  According to Brazil,
his inability to obtain these documents justifies his delay.  (Id.)
In order for the missing documents to equitably toll the statute of

limitations, Brazil must show that his inability to obtain the documents constituted an extraordinary circumstance beyond his control that prevented him from timely filing his Petition and that he made diligent efforts to obtain the documents. See Pace, 544 U.S. at 418; Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citations omitted) (stating the "extraordinary circumstances" must be beyond the petitioner's control).

According to Petitioner, he has been told since 1999 that his file is on an "outboard" and therefore he has been unable to receive the transcripts. (Pet'r's Opp'n Mem. P. & A. 5.) Brazil asserts that he has requested the documents but has not received them. (Id.) It appears that his inability to obtain the documents was beyond his control. But there is no basis for concluding that the pretrial hearing referred to by Brazil is even relevant to the claims raised here. Petitioner's claims all relate to events occurring during trial or later. (Pet. 6-14.) Brazil has not shown that a transcript of a pretrial hearing has any bearing on the nine claims he raises in his Petition. Trial transcripts, which may be relevant to Brazil's claims, were always available to him.[2]

Brazil has not sufficiently demonstrated that it was impossible to file his federal Petition without the pretrial transcripts, that they are relevant, or that he acted with

---

[2] Additionally, Brazil submitted two letters received from his appellate counsel, Michael Earl, discussing trial transcripts. (Am. Pet. Exs. E, F.) The first letter, dated June 16, 1999, stated, "the transcript of your trial is being copied and will be sent to my office shortly." (Am. Pet. Ex. E.) The second letter, dated November 9, 2000, reiterated that the trial transcripts were at Earl's office and could be picked up by anyone Brazil designated. (Am. Pet. Ex. F.)

diligence in attempting to obtain them.  The habeas petition was

filed although Brazil had not yet secured these documents.  (See

Pet'r's Opp'n Mem. P. & A. 5.)  Brazil also filed habeas corpus

petitions in the San Diego Superior Court, the California Court of

Appeal, and the California Supreme Court, all without the

transcripts.  (See Lodgment 2, In re Brazil Case No. HC16533 Order;

Lodgment 3, In re Brazil No. D038775, slip op.; Lodgment 5, In re

Brazil No. S134859, Order)

In United States v. Battles, 362 F.3d 1195, 1197 (9th Cir.

2004), the Ninth Circuit noted that it would be difficult for a

petitioner to assert it was impossible to file a habeas petition

without trial transcripts when the petition was filed without them.

Battles alleged that his attorney was "improperly withholding"

trial transcripts and "refusing to cooperate."  Id. at 1196.

Relying on Ford v. Hubbard, 330 F.3d 1086, 1106-07 (9th Cir. 2003),

overruled on other grounds by Pliler v. Ford, 542 U.S. 225 (2004),

the appellate court remanded the case for the district court to

further develop the evidentiary record regarding whether the

petitioner's attorney's "behavior was sufficient to cause delays in

the filing of the petition and, thus, entitled Battles to equitable

tolling, if, indeed, that kind of behavior ever can . . . ."

Battles, 362 F.3d at 1197-98.

As explained by the Eighth Circuit Court of Appeals:

> [W]e understand petitioner's desire to have a
> transcript before filing for post-conviction
> relief.  Possession of a transcript, however, is
> not a condition precedent to the filing of such
> proceedings.  A petition seeking collateral
> relief could have been filed, following which, if
> necessary for decisions of the issue raised, the
> court could have ordered production of the
> transcript.

Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001); See also Joe

v. Mitchell, No. CV F 06-00739, 2007 U.S. Dist. Lexis 35408 at *15-

16 (E.D. Cal. May 15, 2007) (quoting Gassler).  Brazil does not

have a constitutional right to transcripts for purposes of

preparing his habeas corpus petition; transcripts need only be

provided once a court finds they are necessary to determine the

issue.  United States v. Van Poyck, 980 F. Supp 1108, 1111 n.2

(C.D. Cal. 1997) (citing United States v. Lewis, 605 F.2d 379 (8th

Cir. 1979)).  Petitioner has failed to establish that the lack of

pretrial transcripts was the cause of his untimeliness.  See Allen

v. Lewis, 255 F.3d 798, 800 (9th Cir. 2001); Valverde v. Stinson,

224 F.3d 129, 134 (2d Cir. 2000).

Presumably, Brazil was present at the hearing for which the

transcripts were requested, and he is fully capable of presenting

his recollection of the events on that date.  See Battles, 362 F.3d

at 1198 (stating that due diligence requires petitioner to "consult

his own memory of the trial proceedings").  Indeed, the Amended

Petition contains a detailed statement of his claims.  (Am. Pet. 6-

14.)

Petitioner also has not presented the Court with evidence that

he acted diligently to obtain these documents.  Brazil's assertion

that he had been "begging" for the transcripts "for years" is

insufficient to establish diligence.  (Pet'r's Opp'n Mem. P. & A.

5.)  Petitioner has not presented any evidence of steps he took to

obtain the transcripts.  He did submit a record of his "outgoing

confidential and legal mail" between August 21, 2002, and June 7,

2004. (Am. Pet. Ex. C.)  Without further information, however, the

Court cannot determine what mailings show diligence in further

pursuit of this claim.  Because it is Petitioner's burden to present sufficient evidence, the inability to obtain pretrial transcripts is not a basis for equitable tolling.

### b. Statement of California Supreme Court Clerk

Brazil's second argument for equitable tolling is that a letter he received from the Clerk of the California Supreme Court led him to believe he could continue to attempt to obtain the pretrial transcripts without concern for a habeas filing deadline. (Pet'r's Opp'n Mem. P. & A. 5.)  The letter states, "There is no time limit, however, in which you may file an original Petition for Writ of Habeas Corpus with the Supreme Court." (Pet'r's Opp'n Mem. P. & A. Ex. C.)  It appears that Brazil was unaware of the separate statute of limitations in AEDPA for federal habeas petitions.  But, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Nevertheless, Brazil contends he is entitled to equitable tolling because he was misled by the state court with regard to any applicable time limit.  For this statement to constitute an extraordinary circumstance that supports equitable tolling, it must have been "actively" or "affirmatively" misleading. Brambles v. Duncan, 412 F.3d 1066, 1068, 1070 (9th Cir. 2002).  In Brambles, the court held that the petitioner was not affirmatively misled when the district judge told him that he could either dismiss unexhausted claims or dismiss his entire petition without prejudice and file a new petition after exhausting his state court remedies. Id. at 1067.  The court also warned Brambles that 28 U.S.C. § 2244,

18

"limited the time within which a petition may be filed[,]" but at
the time of the court's order, the federal statute of limitations
had already run.  Id.  On appeal, the Ninth Circuit found that the
court's instructions "were not affirmatively misleading.  They
presented accurate options available to Brambles."  Id. at 1070.
Although the district judge had failed to advise the petitioner of
the likely consequences of dismissing his petition, he had not been
affirmatively misled.  Id.

In Brazil's case, the statement of the Deputy Clerk of the
California Supreme Court cannot be considered affirmatively
misleading; it was an accurate response to Petitioner's concerns
about filing a timely petition with the California Supreme Court.
See Cal. Const. Art. 6 § 10 (giving the California Supreme Court
original jurisdiction over a habeas corpus claim); Cal. Penal Code
§ 1502 (West 2007) (stating that a writ of habeas corpus may be
issued and served at any time); Carey, 536 U.S. at 221-23
(discussing California's "indeterminate" timeliness rule which is
based on "reasonableness" rather than precise time limits).
Because the letter from the deputy clerk contained an accurate
statement of California law, it cannot be considered affirmatively
misleading.  Likewise, it does not entitle Brazil to equitable
tolling.

### 3. Waiver of Untimeliness

Brazil further asserts that the state has waived its right to
move to dismiss his Amended Petition as untimely.  (Pet'r's Opp'n
Mem. P. & A. 6.)  For this assertion Petitioner cites a district
court case from the northern district of Illinois holding that the
state must raise a § 2244(d) claim or it is considered to have

1   waived it.  <u>United States ex rel. Galvan v. Gilmore</u>, 977 F. Supp.

2   1019, 1026 (N.D. Ill. 1998).  This argument, however, is unavailing

3   because Respondent promptly filed its motion to dismiss alleging

4   untimeliness on May 17, 2007, (<u>see</u> Resp't's Mot. to Dismiss 1),

5   twelve days prior to the deadline for filing a motion to dismiss.

6   (Order Reopening Case and Setting Briefing Schedule 2.)  It appears

7   Petitioner believes that the government should have made this

8   assertion in the state courts.  (Pet'r's Opp'n Mem. P. & A. 6.)

9   Since § 2244(d) is a federal statute that only applies to federal

10   petitions, an argument based on AEDPA could not have been raised at

11   an earlier time with regards to a state court petition.  Respondent

12   has not waived its untimeliness argument.

### V. CONCLUSION

14     For the reasons set forth above, Respondent's Motion to

15   Dismiss the Petition for Writ of Habeas Corpus should be **GRANTED**.

16     This Report and Recommendation will be submitted to the United

17   States District Court judge assigned to this case, pursuant to the

18   provisions of 28 U.S.C. § 636(b)(1).  Any party may file written

19   objections with the Court and serve a copy on all parties on or

20   before December 28, 2007.  The document should be captioned

21   "Objections to Report and Recommendation."  Any reply to the

22   objections shall be served and filed on or before January 15, 2008.

23   The parties are advised that failure to file objections within the

specified time may waive the right to appeal the district court's

order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: November 29, 2007

_____
RUBEN B. BROOKS
United States Magistrate Judge

cc:  Judge Lorenz
     All parties of record