UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN E. BRAZIL,<br><br>    Petitioner,<br><br>v.<br><br>BEN CURRY, *et al.*,<br><br>    Respondents. | ) Civil No. 07cv0082 L(RBB)<br>)<br>) **ORDER ADOPTING REPORT AND**<br>) **RECOMMENDATION [doc. #9];**<br>) **OVERRULING OBJECTIONS;**<br>) **GRANTING MOTION TO DISMISS**<br>) **PETITION FOR HABEAS CORPUS**<br>) **WITH PREJUDICE [doc. #6]; and**<br>) **DIRECTING ENTRY OF JUDGMENT**<br>)<br>) |

  Sean E. Brazil, appearing *pro se*, seeks a writ of habeas corpus. In response to his amended petition, respondents filed a motion to dismiss contending that his claims are foreclosed by being untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The motion was referred to the Honorable Ruben B. Brooks for a Report and Recommendation ("Report") under 18 U.S.C. § 636(b). After petitioner filed his response in opposition to the motion to dismiss, the magistrate judge filed his Report recommending that the petition be dismissed. Petitioner filed objections and an amended objection to the Report.

  The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S. Ct. 238 (2003); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225-26 & n.5

(D. Ariz. 2003) (applying *Reyna-Tapia*'s holding to a habeas corpus proceeding).

## DISCUSSION

Although petitioner raised nine grounds in his petition, he now directs his arguments to grounds four, five and six of his petition and states that he was denied due process because the prosecutor improperly "vouched" for her witness; the prosecution used an "illegal" jury instruction; and the prosecution shifted the burden of proof to petitioner.  According to petitioner, these particular grounds correspond to Counts four and five in the Information that lead to petitioner's criminal conviction.  Count four charged petitioner with unlawful sexual intercourse with a minor under the age of sixteen, *see* CAL. PENAL CODE § 261.5(d); Count five charged petitioner with committing a lewd act on a child fourteen or fifteen years of age, *see* CAL. PENAL CODE § 288(c)(1).

Respondents filed a motion to dismiss the petition contending that all of petitioner's claims are untimely under AEDPA.  The motion to dismiss did not address the merits of petitioner's claims but was focused entirely on the issue of whether the petition was timely filed. In responding to the motion to dismiss and asserting he was entitled to equitable tolling, petitioner argued that he was unable to obtain court transcripts of a pretrial hearing, that he was mislead by a statement made by a California Supreme Court Clerk, and that respondents waived their right to dismiss his petition as untimely.

In his Report, the magistrate judge made a thorough review of the timing of petitioner's filings in state and federal court and found the present petition time-barred.  As the magistrate judge noted, because the AEDPA statute of limitations had passed, consideration of petitioner's claims on the merits is precluded unless there is a basis for applying equitable tolling.

As the Report correctly sets forth, the Ninth Circuit permits equitable tolling of the statute of limitations "if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *See Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(citation omitted).  The magistrate judge

set forth the correct legal standard for equitable tolling, applied the law to the facts, and concluded that there was no basis for applying equitable tolling to the petition.

Petitioner filed objections to the Report. Petitioner does not find fault with the magistrate judge's initial determination that his petition is untimely or that statutory tolling was considered and the petition remained untimely. Rather, petitioner contends that his petition, particularly grounds four, five and six,[1] should be considered on the merits and be deemed timely, because "their maintenance as convictions represent a manifest miscarriage of justice." (Obj. at 1-2.) In his objections, petitioner challenges only the issue of the pretrial hearing transcripts, and asserts – for the first time – that he is actually innocent of the crimes of unlawful sexual intercourse with a minor under the age of sixteen, and committing a lewd act on a child fourteen or fifteen years of age in arguing that equitable tolling should be applied. (Obj. at 6.)

**A.     Inability to obtain pretrial transcripts**

In his Report, the magistrate judge found that it was not impossible for petitioner to timely file his federal habeas petition without the pretrial transcripts. (Report at 15.) In his objections to the Report, petitioner contends that the magistrate judge "seems to allege that the pretrial transcripts were released to his appellate attorney" which, according to petitioner, is factually incorrect. (Obj. at 2.) The Report makes no such statement. The Report points out that petitioner had access to the complete trial transcript. (Report at 15 and n.2.) In any event, there is nothing in petitioner's argument to show that had he had access to the pretrial transcript, he would have timely filed his habeas petition in federal court.

The record reveals that petitioner filed habeas petitions in the San Diego Superior Court, the California Court of Appeal, the California Supreme Court without the pretrial transcript being available to him. The lack of the pretrial transcript provides no basis for the untimely filing of petitioner's federal habeas petition. Petitioner's objection is overruled.

/ / /

/ / /

---

[1] Petitioner has not objected to the Report with respect to any other grounds he presents in his habeas petition.

**B.     Actual innocence**

Petitioner seeks a determination on the merits of his grounds four, five and six and "begs The Court to recommend that the convictions in Counts 4 and 5 be struck down, for the simple reason that Petitioner lacked the specific intent necessary to specifically intend to have sex with, not only a 15-year old child, but **ANY CHILD**, and that it is unequivocally, categorically a fact that I am **NOT GUILTY** of the crimes as charged, thereby invoking the doctrine of **actual innocence**." (Obj. at 5). The Court cannot make a determination on the merits of petitioner's petition if it must be dismissed based on the running of the statute of limitations.

The Ninth Circuit has left open the possibility of an "actual innocence" exception to the statute of limitations for a petitioner who shows that "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable [trier of fact] would have found petitioner guilty beyond a reasonable doubt.'" *Majoy v. Roe*, 296 F.3d 770, 776 (9th Cir. 2002) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Under the *Schlup* standard, to show actual innocence sufficient to overcome a procedural default, a petitioner must furnish "'new reliable evidence . . . that was not presented at trial.'" *See House v. Bell*, 126 S. Ct. 2064, 2077-78 (2006) (quoting *Schlup*, 513 U.S. at 324). The petitioner must "show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." *Smith v. Baldwin*, 510 F.3d 1127, 1140 (9th Cir.2007) (*en banc*) (citation and footnote omitted), pet. for cert. filed (Mar. 21, 2008) (No. 07-10081). The actual innocence exception "should 'remain rare' and 'only be applied in the extraordinary case.'" *Cooper v. Brown*, 510 F.3d 870, 923 (9th Cir. 2007) (quoting *Schlup*, 513 U.S. at 321). The *Schlup* standard "contemplates a greater showing than insufficiency to convict or doubt about [the petitioner's] guilt." *Id.* (citation and internal quotations omitted). "Under these standards, a petitioner must affirmatively prove that he is probably innocent." *Id.* (citation omitted).

Petitioner has provided no new reliable evidence that was not presented at trial. He has not demonstrated in any manner why he is probably innocent other than his own statement that he is not guilty. Petitioner's attempted showing of actual innocence therefore falls far short of the exacting standards for finding an exception to the statute of limitations. Petitioner's

objection is overruled.

## CONCLUSION

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation in its entirety; **OVERRULES** petitioner's objections; **GRANTS** respondents' motion to dismiss with prejudice; and **DIRECTS** the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: August 26, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL