1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   SEAN E. BRAZIL,                  )   Civil No. 07cv0082 L(RBB)
                                      )
12                    Petitioner,     )   **ORDER DENYING MOTION FOR**
                                      )   **CERTIFICATE OF APPEALABILITY**
13   v.                               )   **[doc. #15] and REQUEST FOR LEAVE**
                                      )   **TO FILE A LATE APPEAL**
14   BEN CURRY, *et al.*,             )
                                      )
15                    Respondents.    )
                                      )
16   _____)

17          Sean E. Brazil, appearing *pro se*, sought a writ of habeas corpus.  In response to his

18   amended petition, respondents filed a motion to dismiss contending that his claims were

19   foreclosed by being untimely under the Antiterrorism and Effective Death Penalty Act of 1996

20   ("AEDPA").   The motion was referred to the Honorable Ruben B. Brooks for a Report and

21   Recommendation ("Report") under 18 U.S.C. § 636(b).  After petitioner filed his response in

22   opposition to the motion to dismiss, the magistrate judge filed his Report recommending that the

23   petition be dismissed as time barred.  Petitioner filed objections and an amended objection to the

24   Report.  The Court adopted the Report, overruled petitioner's objections, andentered judgment

25   on August 26, 2008. [Doc. Nos. 12, 13.]   On October 6, 2008, petitioner filed a notice of appeal

26   and motion for certificate of appealability.  Within the notice of appeal, petitioner requests leave

27   to file a late appeal.

28   / / /

## A.   Certificate of Appealability

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this standard, petitioner must show that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000), *citing Slack v. Mc Daniel*, 529 U.S. 473 (2000), and *Barefoot v. Estelle*, 463 U.S. 880 (1983).  Petitioner does not have to show "that he should prevail on the merits.  He has already failed in that endeavor."  *Lambright*,  220 F.3d at 1025, *citing Barefoot,* 463 U.S. at 893 n. 4.  Nevertheless, issuance of the COA "must not be pro forma or a matter of course," and a "prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part."  *Barefoot*, 463 U.S. at 893.

As discussed in the Court's Order adopting the Report, respondents filed a motion to dismiss the petition contending that all of petitioner's claims were untimely under AEDPA.  As a result, respondents did not address the merits of petitioner's claims.  Petitioner asserted in response to the motion to dismiss that he was entitled to equitable tolling because he was unable to obtain court transcripts of a pretrial hearing, he was mislead by a statement made by a California Supreme Court Clerk, and respondents waived their right to dismiss his petition as untimely.  The magistrate judge made a thorough review of the timing of petitioner's filings in state and federal court and found the present petition time-barred.  Applying the applicable Ninth Circuit law concerning equitable tolling to the facts presented by petitioner, the magistrate judge found, and the undersigned concurred, that it was not impossible for petitioner to timely file his federal habeas petition in the absence of pretrial transcripts.  Accordingly, the Court adopted that Report's recommendation that petitioner was not entitled to equitable tolling.

The Court also reviewed petitioner's contention that he was entitled to equitable tolling on the basis of actual innocence – a claim first raised in his objection to the Report.  The Court applied the standard found in *Schlup v. Delo*, 513 U.S. 298, 327 (1995) which requires that a petitioner must affirmatively prove that he is probably innocent.  Finding that petitioner had not

07cv82

demonstrated in any manner why he was probably innocent other than his own statement that he was not guilty, the Court determined that petitioner was not entitled to equitable tolling on the basis of actual innocence.

Given the uncontested state of the record and the legal analysis supporting its decision, the Court must conclude that petitioner is not entitled to a certificate of appealability because  (1) the issue is not debatable among jurists of reason; or (2) a court could not resolve the issue in a different manner; or (3) the question is inadequate to deserve encouragement to proceed further.

**B.     Request to File Untimely Appeal**

Petitioner acknowledges that his Notice of Appeal filed on October 6, 2008 is untimely under Federal Rule of Appellate Procedure 4(a)(1)(A).  But petitioner contends he did not receive the August 26, 2008 Order adopting the Report and Recommendation and the Judgment until September 26, 2008.  Petitioner states that he was transferred to another institution and there were "delays beyond Petitioner's control."  (Notice of Appeal at 2.)

The district court may extend the time to file a notice of appeal if a party moves "no later than 30 days after the time prescribed by this Rule 4(a) expires" and there is a showing of excusable neglect or good cause.  FED. R. APP. P. 4(a)(5)(A)(i), (ii).

Here, petitioner has not filed a motion seeking an extension of time in which to file his Notice of Appeal.  Instead, petitioner inserted his request within the body of his Notice of Appeal which he filed during the 30 days after the time prescribed by Rule 4(a)(1)(A). Notwithstanding petitioner's failure to file a proper motion, the Court considers his request for leave to file a late notice of appeal.

Because his request was filed after the time had expired to file a notice of appeal under Appellate Rule 4(a)(1)(A), petitioner was required to provide notice to the other parties in this action "in accordance with local rules."   Petitioner's certificate of service attests to his mailing of the notice of appeal and motion for a certificate of appealability to the Court only and not with respect to the parties in this case.

Because petitioner failed to file a motion seeking leave to file a late appeal and to provide notice to opposing counsel of his request, the Court will deny without prejudice petitioner's

07cv82

request to file an untimely appeal.  Petitioner is cautioned that if he intends to file a motion for leave to file a late appeal, he must do so within the time constraints provided by Rule 4(a)(5)(A)(i).

## CONCLUSION

Based on the foregoing, petitioner's motion for a certificate of appealability is **DENIED**. Petitioner's request for leave to file a late appeal is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  October 16, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

07cv82